UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

PAUL R. STAFFORD, SR., )
)
     Petitioner, ) Case No. 1:10-cv-340
)
v. ) Honorable Paul L. Maloney
)
HARVEY LAPPEN, )
) **REPORT AND RECOMMENDATION**
     Respondent. )
_____)

       This is a habeas corpus proceeding brought by a federal prisoner pursuant to 28 U.S.C. § 2241. At the time he filed his *pro se* petition, petitioner was lodged in a halfway house within this district by the Federal Bureau of Prisons (BOP) as part of a 188-month prison sentence imposed by the United States District Court for the Western District of Wisconsin in 1997. Since the date of filing this action, petitioner has been released from custody. The petition raises three claims apparently relating to the execution of the Wisconsin sentence: (1) the BOP improperly denied petitioner release on home confinement on account of inaccurate record-keeping; (2) the BOP erred in calculating petitioner's good-conduct time; and (3) the U.S. Probation Office improperly refused to permit petitioner to serve the remainder of his sentence on home confinement. Additionally, petitioner asserts three habeas corpus challenges to the validity of his criminal conviction in Wisconsin, alleging that the conviction is void as a matter of law, that the restitution order is unlawful, and that the Supreme Court decision in *United States v. Santos*, 553 U.S. 507 (2008), requires that his conviction be vacated.

Chief Judge Paul Maloney has referred this matter to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Rule 10, RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE DISTRICT COURTS.[1] On April 29, 2010, I ordered respondent to file an answer to the petition. Respondent has submitted an answer (docket # 18) supported by records from the Western District of Wisconsin and the Seventh Circuit and the Sixth Circuit Courts of Appeals. Petitioner has submitted a responsive brief. (docket # 24). On review of the record, I conclude that the habeas corpus petition is utterly frivolous and recommend that it be dismissed.

**Proposed Findings of Fact**

**A.     Wisconsin Prosecution**

On February 2, 1996, petitioner was named in a sixteen-count indictment handed up by a grand jury in the Western District of Wisconsin, sitting at Madison. The indictment charged petitioner with conspiracy to defraud, as well as substantive counts of wire fraud and money laundering. The Seventh Circuit described petitioner's crime as an "advance fee loan scam," under which "the con men make a phony offer of a large loan on highly advantageous terms upon condition that the borrower pay a sizable fee in advance. The con men pocket the fee and abscond." *United States v. Stafford*, 136 F.3d 1109, 1111 (7th Cir. 1998). After extensive proceedings in the trial court, a jury found petitioner guilty as charged. On March 6, 1997, the court entered judgment, sentencing petitioner to 188 months' incarceration, followed by three years of supervised release. The court also ordered restitution exceeding $1 million. (*See* docket sheet in W.D. Wis. case no. 3:96-cr-3, ID#s 43-60). Petitioner appealed as of right to the United States Court of Appeals for the

---

[1] The district court has discretion to apply the section 2254 rules in other habeas corpus cases, such as those brought under section 2241. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES.

Seventh Circuit. The appellate court labeled many of petitioner's arguments as "frivolous," *see, e.g.,*, 136 F.3d at 1113, and affirmed his conviction and sentencing in its entirety, while granting his co-defendant a resentencing on an issue not raised by petitioner. *Id.* at 1115. The Supreme Court denied *certiorari*. 525 U.S. 849 (1998).[2]

**B.  Collateral Attacks**

After his unsuccessful direct appeal, petitioner brought countless collateral attacks challenging his Wisconsin conviction. On July 19, 2004, the sentencing judge denied a motion ostensibly brought under Fed. R. Crim. P. 35, indicating that petitioner first brought a section 2255 motion on March 8, 1999, and that he filed three additional motions thereafter challenging the validity of his conviction, all of which were denied. *See United States v. Stafford*, 2004 WL 1629540 (W.D. Wis. July 19, 2004). The record shows that petitioner sought unsuccessfully permission to file successive section 2255 motions from the Seventh Circuit pursuant to 28 U.S.C. § 2255(h), as well as extraordinary writs, such as petitions for writ of mandamus.

After unsuccessfully challenging his conviction by motion under section 2255, petitioner began to file habeas corpus petitions, ostensibly pursuant to 28 U.S.C. § 2241, in the district of his incarceration. While petitioner was housed in the Milan Correctional Facility, he brought a section 2241 habeas proceeding in the Eastern District of Michigan. By order entered April 17, 2003, Judge Paul Borman found that petitioner had brought previous section 2255 actions

---

[2] Shortly after the Wisconsin appeal was decided, petitioner was indicted in the Western District of Michigan on charges of wire fraud and money laundering. (*United States v. Stafford*, case no. 1:98-cv-87). Petitioner pled guilty to one count of wire fraud. On March 2, 1999, Judge Robert Holmes Bell sentenced petitioner to 30 months' imprisonment, concurrent with the Wisconsin sentence. The Western District conviction appears to play no part in the present habeas claims.

and that his section 2241 petition did not fall within the narrow "savings clause" of section 2255. *See Stafford v. Hemingway*, 2003 WL 21355913 (E.D. Mich. Apr. 17, 2003). The court found that the savings clause of section 2255 may only be applied when petitioner makes a claim of actual innocence, and that petitioner had not made a clear or convincing showing of innocence. The court relied upon statements made on direct appeal by the Seventh Circuit, in which that court described the evidence of petitioner's guilt in his criminal case as "'not only overwhelming but virtually uncontested.'" 2003 WL 21355913 at * 2 (quoting *United States v. Stafford*, 136 F.3d at 1112). Petitioner appealed to the Sixth Circuit Court of Appeals. That court found that petitioner had not established that his remedy under section 2255 was inadequate or ineffective under the savings clause. The Sixth Circuit stated that the savings clause may only be applied when the petitioner makes a claim of actual innocence, and that the Seventh Circuit's findings on direct appeal precluded any such showing. *Stafford v. Hemingway*, 92 F. App'x 176, 177 (6th Cir. 2004).

Petitioner apparently resumed his efforts in the court of conviction, filing a motion to correct his sentence, which the sentencing court characterized as "a sixth incarnation of a section 2255 motion." *United States v. Stafford*, 2005 WL 775317 (W.D. Wis. Apr. 5, 2005). The court dismissed petitioner's motion, finding that it was in essence a successive section 2255 motion brought without the permission of the Court of Appeals.

Petitioner returned to the Eastern District of Michigan, where he filed yet another petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Judge Borman found that all of the claims raised in the petition challenged the validity of the conviction and therefore could only be pursued under section 2255, unless the claims fell within the savings clause of that statute. Judge Borman rejected all of petitioner's efforts to bring himself within the narrow scope of the savings

clause and dismissed the petition on initial review, pursuant to Habeas Rule 4. *See Stafford v. Federal Bureau of Prisons*, 2007 WL 496686 (E.D. Mich. Feb. 13, 2007). By order entered May 14, 2008, the Sixth Circuit affirmed, again finding that petitioner's claims did not fall within the savings clause. *Stafford v. Federal Bureau of Prisons*, No. 07-1825 (6th Cir. May 14, 2008).

Petitioner filed the present action on April 9, 2010, when he was housed in a community corrections facility located in the Western District of Michigan. His petition raises three challenges to the method of executing his sentence, challenging the computation of good time and the decision of BOP not to release him to home confinement. Petitioner also challenges the validity of the Wisconsin conviction on essentially the same grounds as have been reviewed numerous times by at least two district courts, the Sixth Circuit, and the Seventh Circuit.

## **Discussion**

A federal prisoner may raise a challenge to the method of executing his sentence by petition for habeas corpus relief under section 2241, brought in the district of incarceration. *See Lee v. Rios*, 360 F. App'x 625, 628 (6th Cir. 2000). Petitioner's challenge to the BOP's method of calculating good time credit and his complaint about denial of furloughs or release to home confinement are therefore theoretically susceptible to section 2241 treatment. Although these claims may have been technically viable in April, they have been mooted by subsequent events. It is undisputed that petitioner was released from confinement in June of this year. Under the authority of *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009), petitioner's section 2241 petition was rendered moot by his release. In *Demis*, the court held that a federal prisoner's challenge to a BOP policy

preventing his transfer to a community corrections center was rendered moot by his subsequent release from custody. 558 F.3d at 513.

Petitioner's challenge to the validity of his Wisconsin conviction is an improper use of section 2241. A challenge to the validity of a federal prisoner's conviction and sentence must be brought in a section 2255 petition in the sentencing court. *See Charles v. Chandler*, 180 F.3d 753, 756-57 (6th Cir. 1999). The only exception is if a section 2241 petitioner can bring himself within the narrow scope of the savings clause of section 2255(e). The savings clause applies only if a petitioner bears the burden of showing that a section 2255 petition is "inadequate or ineffective to test the legality of his detention." *Id.* The Sixth Circuit has already twice ruled, in cases brought by petitioner himself, that the savings clause applies only to claims of actual innocence and that petitioner cannot show actual innocence, as a matter of law. *See Stafford*, 92 F. App'x at 178. Moreover, the Seventh Circuit has specifically denied petitioner leave to file a successive section 2255 motion on the same grounds he attempts to raise here. (*Stafford v. United States*, Order of 6/22/2009, ID# 79). The present action is no more meritorious than any of the previous actions that have been rejected by the sentencing court, the Eastern District, and two federal courts of appeals.

**Recommended Disposition**

All the claims set forth in petitioner's section 2241 petition are indisputably meritless. I therefore recommend that the petition be denied.

Dated:  October 19, 2010                /s/  Joseph G. Scoville
                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).